We heartily commend able counsel for his conscientious representation of his client, but we do not feel ourselves called upon to set aside a conviction in order to punish an arresting officer for failing to take appellant before a magistrate more promptly than was done. This opinion is not to be considered as condoning the practice of holding a prisoner for investigation.

Remaining convinced that our original disposition of the matter was correct, appellant's motion for rehearing is overruled.

GRAVES, Presiding Judge.

The conviction is for unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The penalty assessed is a fine of fifty dollars.

The complaint and information, as well as all other matters of procedure, appear in regular form. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment is affirmed.

## JOHNSON v. STATE.
### No. 25330.
Court of Criminal Appeals of Texas.

May 30, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

## VASQUEZ v. STATE.
### No. 25338.
Court of Criminal Appeals of Texas.

June 6, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is burglary; the punishment, six years in the state penitentiary.

The record before us contains neither bills of exception nor statement of facts. Nothing is presented for consideration.

The judgment of the trial court is affirmed.